AARON D. FORD
  Attorney General
DAWN R. JENSEN (Bar No. 10933)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
(702) 486-3195 (phone)
(702) 486-3773 (fax)
Email:  drjensen@ag.nv.gov

*Attorneys for Defendant*
*Bob Faulkner*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TONY HINES, | Case No. 2:19-cv-01203-GMN-EJY |
| Plaintiff, | |
| v. | **UNOPPOSED MOTION TO EXTEND DISPOSITIVE MOTION DEADLINE** |
| B. FAULKNER, | |
| Defendant. | |

Defendant, Bob Faulkner, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Dawn R. Jensen, Deputy Attorney General, of the State of Nevada, Office of the Attorney General, hereby submits Defendant's Unopposed Motion to Extend Dispositive Motions Deadlines. The Defendant moves to extend the time to complete dispositive motions from December 20, 2021, until **February 18, 2022**. Good cause supports this extension request as more particularly set forth herein below.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    LAW AND ARGUMENT**

    **A.    Rule 6(b), Federal Rules Of Civil Procedure**

Rule 6(b)(1), Federal Rules of Civil Procedure, governs extensions of time and states:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made

>after the time has expired if the party failed to act because of excusable neglect.

If additional time for any purpose is needed, the proper procedure is to present a request for extension of time before the time fixed has expired. *Canup v. Mississippi Val. Barge Line Co.*, 31 F.R.D. 282 (W.D. Pa. 1962). An extension of time may always be sought and is usually granted on a showing of good cause if timely made under subdivision (b)(1) of the Rule. *Creedon v. Taubman*, 8 F.R.D. 268 (N.D. Ohio 1947).

### B. Local Rules IA 6-1 And 26-3

LR IA 6-1 requires that a motion to extend time must state the reasons for the extension requested and will not be granted if requested after the expiration of the specified period unless the movant demonstrates that the failure to file the motion before the deadline expired resulted because of excusable neglect. LR 26-3 requires that a motion to extend any date set by the discovery plan, scheduling order, or other order must, as well as satisfying the requirements of LR IA 6-1, demonstrate good cause for the extension, and such a motion filed after the expiration of the deadline will not be granted unless the movant demonstrates that the failure to act resulted from excusable neglect.

Finally, LR 26-3 lists four factors that are considered upon adjudication of a motion to extend a discovery deadline or to reopen discovery: (a) a statement specifying the discovery completed; (b) a specific description of the discovery that remains to be completed; (c) the reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and (d) a proposed schedule for completing all remaining discovery.

### C. Good Cause Exists For An Extension Of The Dispositive Motions Deadline

Here, good cause exists for extending the dispositive motion deadline sixty days, or to February 18, 2022. Per the scheduling order, discovery closed November 18, 2021, and the deadline for filing dispositive motions is December 20, 2021, approximately ten days away. On November 23, 2021, Plaintiff filed a Motion to Compel seeking Defendant to

produce a list of names. ECF No. 22 at 4. Defendant filed an Opposition to the Motion to Compel on December 7, 2021. ECF No. 23. Presumably, the Plaintiff will be permitted time to Reply, and after that, it is unknown when the discovery dispute will be decided by this Court. Thus, there is a pending discovery issue that will not be resolved before the dispositive motion deadline. The outcome of the discovery dispute is unknown and without knowing the outcome, neither party can thoroughly prepare arguments for dispositive motions. In his Motion to Compel, Plaintiff is seeking to identify other 'possible' defendants. Depending upon this Court's ruling, additional discovery may be ordered, and the parties will need time to obtain, produce, and review that information. Therefore, it is prudent to postpone dispositive motions until this issue can be finalized. The parties reasonably expect that sixty days should be sufficient time for this Court to issue its ruling. Neither party will experience any hardship if this motion is granted and no other extensions to the Scheduling Order have been requested in this case.

### D. The Four Factors Contained Within LR 26-3 Are Satisfied

The four factors contained within LR 26-3—(a) a statement specifying the discovery completed; (b) a specific description of the discovery that remains to be completed; (c) the reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and (d) a proposed schedule for completing all remaining discovery—are satisfied.

In this case, Plaintiff mailed Request for Production of Documents, Request for Admissions, and Request for Interrogatories on September 17, 2021. Defendant mailed Responses to the Requests for Admissions on October 13, 2021. The parties spoke on October 28, 2021, and agreed to an extension for remaining items. Defendant's Responses to Request for Production of Documents was mailed November 9, 2021. Defendant's Response to Request for Interrogatories was mailed November 10, 2021.

The deadline to complete discovery in this matter was November 18, 2021, and therefore has passed. Discovery is now closed. No further discovery is anticipated unless this Court orders further discovery disclosures. The reasons why Defendant is unable to

adhere to the dispositive motion deadline is explained in the preceding paragraphs. Accordingly, the Defendant moves to amend the Court's Scheduling Order (ECF No. 17) to extend the dispositive motions deadline to **February 18, 2022**.

### E.  Meet And Confer

The parties met and conferred by phone on December 7, 2021. Given the recent discovery dispute, Counsel presented the option of a Stay since the timeline of resolution of the discovery motion is unknown. On the phone, Plaintiff agreed. Counsel drafted a joint motion to stay and sent it to Plaintiff's caseworker to be presented to Plaintiff that same day. Upon presentation of the document, Plaintiff refused to sign because he was *asking for an extension not a stay*[1]. The following morning, December 8, 2021, Counsel drafted a letter to Plaintiff explaining the stay would pause the dispositive motion deadline but not the Motion to Compel. Counsel's letter, a copy of the Scheduling Order, and the Joint Motion to Stay was again presented to Plaintiff. Plaintiff still refused to sign, indicating he was still not comfortable signing a Joint Motion to Stay because he interprets a stay as something that will delay all proceedings[2]. However, it is Counsel's understanding that Plaintiff is agreeable to an 'extension' so Counsel entitled this Motion as unopposed, as it is counsel's understanding that Plaintiff is only uncomfortable with the language of a stay.

### F.  Proposed Schedule

- Dispositive Motions Deadline. Motions for Summary Judgment shall be filed and served by no later than **February 18, 2022**.
- Joint Pretrial Order Deadline thirty days after the date for filing motions for summary judgment. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after a decision of the dispositive motions or until further order of the court.

///

---

[1] This information was relayed through email by Plaintiff's caseworker.
[2] This information was also relayed via email from Plaintiff's caseworker.

## II. CONCLUSION

Defendant has established good cause to extend the dispositive motions deadline to **February 18, 2022**. Plaintiff does not oppose an extension. Due to the nature of summary judgment and the pending, unresolved discovery dispute which may result in additional discovery and may affect arguments for dispositive motions, Defendant respectfully moves for an extension of time to file dispositive motions from December 20, 2021, to **February 18, 2022.**

DATED this 9th day of December, 2021.

AARON D. FORD
Attorney General

By: /s/ Dawn R. Jensen
DAWN R. JENSEN (Bar No. 10933)
Deputy Attorney General

*Attorneys for Defendant*

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

Dated: December 9, 2021