UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| TONY HINES,<br><br>            Plaintiff,<br><br>      v.<br><br>BOB FAULKNER,<br><br>            Defendant. | Case No.: 2:19-cv-01203-GMN-EJY<br><br>**CORRECTED ORDER AND**<br><br>**REPORT and RECOMMENDATION**[1]<br>Re: ECF No. 62 |

Pending before the Court is Plaintiff Tony Hines's First Amended Complaint. ECF No. 62. Defendant responded with a Motion to Strike. ECF No. 64. The Court has considered the First Amended Complaint, the Motion to Strike, and Plaintiff's Motion in Opposition to and Addendum filed in response to the Motion to Strike. ECF Nos. 66, 67.

**I.      BACKGROUND**

The Court screened Plaintiff's original Complaint on June 18, 2020 allowing his claims 1 and 2 to proceed under the Eighth Amendment. After a stay for mediation, which was unsuccessful, the Court entered a Scheduling Order setting the last day to amend pleadings as October 19, 2021. ECF No. 17. On December 9, 2021 and February 10, 2022, the Court granted extensions of the dispositive motion deadline. ECF Nos. 26, 32. On March 10, 2022, Defendant filed his Motion for Summary Judgment. ECF No. 33. On March 16, 2022, Plaintiff filed his Response to the Summary Judgment Motion, and a Reply was filed on March 29, 2022. ECF Nos. 40, 44. Thereafter, Plaintiff filed Motions to Stay Proceedings, for More Definite Statement, and for Clarification, as well as a second response to Defendant's Motion for Summary Judgment and an ex parte request. ECF Nos. 42, 43, 48, 49, 52, 60. All motions and the ex parte request were denied. ECF Nos. 51, 59, 61. The Motion for Summary Judgment remains pending. On November 1, 2022 Plaintiff filed his proposed

---

[1]   This Corrected Order and Report and Recommendation supersedes ECF No. 68, which should be struck from the docket.

First Amended Complaint (the "FAC"). ECF No. 62. No motion for leave to file an amended complaint accompanied this filing. *See* Docket, generally.

Plaintiff's FAC seeks to add new Defendants[2] and a Fourteenth Amendment claim. Defendant's Motion to Strike argues the FAC is untimely, an impermissible and improper fugitive pleading, consists entirely of impertinent and immaterial matter under Federal Rule of Civil Procedure 12(f), exceeds the scope of amendment permitted, and was filed without a request for leave to amend under Federal Rule of Civil Procedure 15(a)(1)(B).

## II.   DISCUSSION

There are two sources of authority federal courts access when striking a pleading. *Jones v. Skolnik*, No. Case 3:10-cv-00162-LRH-VPC, 2015 WL 685228, at *2 (D. Nev. Feb. 18, 2015). Under Rule 12(f) "[t]he court may strike from a pleading ... any redundant, immaterial, impertinent, or scandalous matter." However, Rule 12(f) motions are generally disfavored unless the matter to be struck has no possible bearing on the subject matter of the existing litigation and its inclusion will prejudice the defendants. *Novva Ausrustung Group, Inc. v. Kajioka*, Case No. 2:17-cv-01293-RFB-VCF, 2017 WL 2990850, at *2 (D. Nev. July 13, 2017) (internal citation omitted). Here, the FAC is directly related to the proceedings as they presently exist. The Court finds this basis for striking Plaintiff's FAC is without merit.

Irrespective of Rule 12(f), the Court may strike an improper filing under its "inherent power over the administration of its business." *Jones*, 2015 WL 685228, at *2 (internal citation omitted). Motions to strike under inherent powers are wholly discretionary. *Almy v. Davis*, Case No. 2:12-cv-00129-JCM-VCF, 2014 WL 773813, at **4–5 (D. Nev. Feb. 25, 2014).

Filings not allowed by U.S. District Court for the District of Nevada are fugitive documents and must be stricken from the record. *Reiger v. Nevens*, Case No. 3:12-cv-00218-MM-VPC, 2014 WL 537613 at *3 (D. Nev. Feb. 7, 2014). Courts may strike fugitive documents under inherent authority to administer the business of the Court. *Jones*, 2015 WL 68522, at *2. Courts may also deny leave to amend a complaint for a number of reasons, and pertinent here are delay, prejudice or

---

[2]   The new defendants include various John Does and Charles Daniels, the Director of Nevada Department of Corrections ("NDOC").

if the amendment is futile. *Reiger*, 2014 WL 537613 at *12. When summary judgment is pending courts disfavor filing amended pleadings. *Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981) (holding it was not an abuse of the district court's discretion to refuse plaintiff to amend his complaint after discovery was virtually complete and a motion for summary judgment was pending).

Defendant argues the FAC is untimely. There is no doubt that Plaintiff filed his FAC more than a year after the deadline to amend had passed. *Compare* ECF Nos. 17 and 62. This alone might not be enough to deny consideration of the FAC. However, the Court also finds Plaintiff failed to attach his proposed FAC to a motion seeking leave to file an amended complaint. ECF No. 62. Plaintiff also presents no evidence that there was an agreement between the parties allowing him to file the FAC.[3] *Id*. Thus, the Court finds Plaintiff's filing violates Fed. R. Civ. P. 15(a)(1)(B) and Local Rule 15-1(a).

Further, Plaintiff's FAC was filed after Defendant moved for summary judgment, Plaintiff responded, and Defendant replied. *Compare* ECF Nos. 62 and 33, 40, 44. While the Court has discretion to do so, allowing an amended pleading at this stage of proceedings would be highly prejudicial to Defendant. *Armstead v. Raghunath*, 443 Fed.Appx. 234, 235 (9th Cir. 2011) (unpublished) ("The district court did not abuse its discretion by denying [the plaintiff's] motion for leave to amend where the motion was filed after briefing on defendants' summary judgment motion was complete."); *Roberts*, 661 F.2d at 798 (affirming district court's denial of leave to amend when the motion was "raised at the eleventh hour, after discovery was virtually complete and the [defendant's] motion for summary judgment was pending before the court").

In fact, Plaintiff adds several new Doe Defendants and a new cause of action in his FAC that, if allowed to proceed, would require reopening discovery, potentially result in additional motion practice, and, without doubt, would delay these proceedings. To justify re-opening discovery, Plaintiff must show he "diligently pursued its previous discovery opportunities ...." *Panatronic USA v. AT&T Corp.*, 287 F.3d 840, 846 (9th Cir. 2002). But, even assuming this is true, a request to re-

---

[3] Plaintiff's FAC was reviewed and, although there is an introduction, the filing confirms no motion for leave to amend was filed.

3

1  open discovery may be denied if the parties already "had ample opportunity to conduct
2  discovery." *Id.* Given that this case commenced in July 2020, reopening discovery to investigate
3  new defendants and a new cause of action, more than two and one-half years after this case
4  commenced is not justified.

5        An amendment to Plaintiff's Complaint may also have the effect of staying the pending
6  motion for summary judgment, and result in the filing of a second motion for summary judgment.
7  As stated, the Ninth Circuit generally disfavors motions for leave to amend a pleading to add
8  additional parties where the case has advanced too far on the merits. *See, e.g.*, *M/V Am. Queen v.*
9  *San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983).

10       Defendant argues Plaintiff is not entitled to amend because he exceeds the scope of the
11 amendment permitted in the screening order, which said: (1) Plaintiff would "proceed against
12 Defendant Faulkner and Doe dental staff when Plaintiff learns their identities"; and (2) "Plaintiff
13 may either move to substitute the true names of Doe Defendant(s) or move to amend his complaint
14 to assert claims against the Doe Defendant(s)" when Plaintiff learned their identities. ECF No. 3 at
15 5 and n.1. As stated in *Lizza v. Deutsche Bank Nat'l Tr. Co.*, 714 Fed.Appx. 620, 622 (9th Cir.
16 2017), it is not an abuse of discretion to strike an amended complaint when the amendment exceeds
17 the scope allowed by a court order. Plaintiff's proposed FAC does not seek to substitute true names
18 for the existing Doe Defendants. Plaintiff adds two Jane Does and the NDOC's Director as new
19 defendants. Even assuming, with a very expansive reading of the screening order, the Jane Does are
20 a permitted additions to this action, the NDOC Director is not.

21       In addition, Plaintiff adds a Fourteenth Amendment Claim against the new and existing
22 Defendants. Plaintiff's Fourteenth Amendment claim is futile post-conviction. The Fourteenth
23 Amendment protects pretrial detainees, while the Eighth Amendment protects individuals who have
24 been convicted. Inmates who sue prison officials for injuries suffered while in custody may do so
25 under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under
26 the Fourteenth Amendment's Due Process Clause. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)
27 (holding that, under the Due Process Clause, a detainee may not be punished prior to conviction).
28

Thus, Plaintiff, who is suing post-conviction, appears to have no Fourteenth Amendment claim he can assert.

Finally, in order for Plaintiff to state a claim against Mr. Daniels, the Director of NDOC, he must allege either that Mr. Daniels was personally involved in the constitutional violation or deprivations, or causal connection between Mr. Daniels and the constitutional violation alleged. *Mackinney v. Nielsen,* 69 F.3d 1002, 1008 (9th Cir. 1995). Plaintiff does neither. Thus, as stated, Plaintiff's pleading seeking to add Mr. Daniels as a defendant fails as a matter of law.

For all the reasons stated above, the Court finds granting leave to amend in order to state a claim against the Director of NDOC is unwarranted.

### III.   ORDER

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Strike (ECF No. 64) is GRANTED in part and DENIED in part.

### IV.    RECOMMENDATION.

IT IS HEREBY RECOMMENDED that Plaintiff's First Amended Complaint (ECF No. 62) be struck from the docket as filed in violation of Fed. R. Civ. P. 15(a)(1)(B) and Local Rule 15-1, because it is untimely, and because allowing the FAC to proceed would be unduly prejudicial and substantially delay proceedings in this case.

DATED this 13th day of February, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal

factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).