UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TONY HINES,

            Plaintiff,

vs.

BRIAN FAULKNER,

           Defendant.

Case No.: 2:19-cv-01203-GMN-EJY

**ORDER**

Pending before the Court is the Motion for Reconsideration, (ECF No. 79), filed by Plaintiff Tony Hines. Defendant Brian Faulkner filed a Response, (ECF No. 80), to which Plaintiff filed a Reply, (ECF No. 81).

Also pending before the Court is the Motion for Preliminary Injunction, (ECF No. 83), filed by Plaintiff Tony Hines. Defendant Brian Faulkner filed a Response, (ECF No. 84), to which Plaintiff did not file a Reply.

For the reasons discussed below, the Court **DENIES** Plaintiff's Motion for Reconsideration because he raises arguments that should have been raised in his Motion for Summary Judgment and otherwise fails to show the Court's Order was in clear error or contrary to law. The Court also **DENIES** his Motion for Preliminary Injunction because he seeks to enjoin conduct unrelated to the allegations underlying his Complaint.

**I.**    <u>**BACKGROUND**</u>

This case arises out of Defendant's alleged deliberate indifference to Plaintiff's serious medical needs while he was incarcerated at High Desert State Prison ("HDSP"). (*See generally* Compl., ECF No. 4). The Court incorporates the background and procedural history of this case from its Order granting Defendant's Motion for Summary Judgment. (Order 1:16–

3:2, ECF No. 72).  In short, this case concerned whether Defendant, who served as the Director of Nursing Services I at HDSP and as a grievance responder, was deliberately indifferent to Plaintiff's serious medical needs in violation of his Eighth Amendment rights by not prescribing him a soft diet and by failing to provide him dentures in a timely fashion.  The Court granted Defendant summary judgment, finding Plaintiff failed to exhaust his soft diet claim under the Prison Litigation Reform Act ("PLRA") and that Plaintiff's denture claim failed because Defendant did not personally participate in the alleged delay. (*Id.* 5:17–11:21). Plaintiff then filed the instant Motion for Reconsideration, (ECF No. 79), and Motion for Preliminary Injunction, (ECF No. 83), which the Court discusses below.

## II.  LEGAL STANDARD

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59 and 60.  Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than twenty-eight (28) days after entry of the judgment.  The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Under Rule 60(b), a court may, upon motion and just terms, "relieve a party . . . from a final judgment," on the ground that the "judgment is void[.]" Fed. R. Civ. P. 60(b)(4).  A judgment is "void only if the court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or if the court acted in a manner inconsistent with due process of law." *In re Ctr. Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir. 1985).  Additionally, under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the

following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000). Rule 60(b) relief should only be granted under "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777, 197 L. Ed. 2d 1 (2017).

### III. DISCUSSION

**A. Alternative Basis for Reconsideration**

At the outset, the Court acknowledges that there is a potential basis for reconsideration not addressed by Plaintiff in his Motion. Specifically, the Court entered its Order granting Defendant summary judgment when Plaintiff's Objection, (ECF No. 70), to the Magistrate Judge's Order and Report and Recommendation, ("R&R"), striking Plaintiff's First Amended Complaint, (ECF No. 62), was fully briefed and pending before the Court. If the Court disagreed with the Magistrate Judge's Order and R&R and permitted Plaintiff to file his First Amended Complaint, reconsideration would be necessary because the Court's Order would be mooted by Plaintiff's First Amended Complaint superseding his Complaint. *See Perrin Bernard Supowitz, LLC v. Morales*, No. 2:22-cv-02120, 2022 WL 3686407, at *2 (C.D. Cal. Aug. 25, 2022) ("A summary judgment motion directed toward an inoperative pleading is moot."). But here, the Court finds reconsideration is not warranted because the Court agrees with and adopts the reasoning in the Magistrate Judge's Order and R&R[1] in striking Plaintiff's First Amended Complaint.

///

---

[1] A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b). The Court reviews the Magistrate Judge's Order and R&R *de novo* because Plaintiff filed an Objection.

A brief history of this case is helpful to understanding the Magistrate Judge's Order and R&R.  Plaintiff's Complaint was filed in July 2019, and the Court later entered a Scheduling Order setting the last day to amend pleadings as October 9, 2021. (Scheduling Order, ECF No. 17).  Following two extensions of the dispositive motion deadline, Defendant filed his Motion for Summary Judgment in March 2022. (Mot. Summ. J. ("MSJ"), ECF No. 33).  Nearly eight months after this Motion was filed, and over a year after the deadline to amend pleadings had elapsed, Plaintiff filed his proposed First Amended Complaint which sought to add new defendants and a Fourteenth Amendment claim without leave of Court or Defendant's consent. (ECF No. 62).  Defendant filed a Motion to Strike, (ECF No. 64), which the Magistrate Judge granted that motion.  The Magistrate Judge found striking Plaintiff's First Amended Complaint was warranted because it violated Fed. R. Civ. P. 15(a)(1)(B) and Local Rule 15-1(a), and that allowing Plaintiff to add new defendants and a cause of action at this point in the litigation would be unduly prejudicial to Defendant and delay this action. (Order & R&R 2:9–5:9).

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1).  Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  Similarly, Local Rule 15-1 requires that a party must file a motion for leave to amend a complaint and receive the Court or opposing party's consent before filing it. *See* Local Rule 15-1 ("Unless the court orders otherwise, the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading").

The Court agrees with the Magistrate Judge.  This case was past the point where Plaintiff was permitted to file an amended complaint as a matter of course.  And Plaintiff did not obtain consent from Defendant prior to filing his First Amended Complaint or file a motion

1  for leave to amend.  Procedurally, under Fed. R. Civ. P. 15 and Local Rule 15-1, Plaintiff's
2  First Amended Complaint "[was] not properly before the [C]ourt, since it was not made in a
3  noticed motion." *Elseth v. Speirs*, No. 2:08-cv-02890, 2011 WL 4595273, at *4 (E.D. Cal. Feb.
4  24, 2011); *see Schmidt v. United States*, 749 F.3d 1064, 1068–69 (D.C. Cir. 2014) ("Rule
5  15(a)—even as liberally construed—applies only when the plaintiff actually has moved for
6  leave to amend the complaint; absent a motion, there is nothing to be freely given.").  "When a
7  party files an amended complaint without the right to do so, it is properly stricken by the
8  Court." *Wilkins v. Macober*, No. 2:16-cv-0475, 2022 WL 18027822, at *2 (E.D. Cal. Dec. 30,
9  2022); *see Hardin v. Wal-Mart Stores, Inc.*, 813 F. Supp. 2d 1167, 1181 (E.D. Cal. 2011)
10 (striking fourth amended complaint: "If an amended pleading cannot be made as of right and is
11 filed without leave of court or consent of the opposing party, the amended pleading is a nullity
12 and without legal effect").

13     Furthermore, even if Plaintiff's First Amended Complaint was accompanied by a motion
14 for leave to file an amended complaint, amendment was not warranted because it would unduly
15 prejudice Defendant and delay this action.  Plaintiff's First Amended Complaint was filed over
16 a year after the deadline to amend pleadings had elapsed, eight months after discovery closed,
17 and nearly eight months after Defendant's Motion for Summary Judgment had been fully
18 briefed.  The Court agrees with the reasoning of the United States Courts of Appeals which
19 have found that allowing amendment after the close of discovery unduly prejudices defendants.
20 *See Hayes v. New England Millwork Distributors*, *Inc.*, 602 F.2d 15 (1st Cir. 1979); *Campbell*
21 *v. Emory Clinic*, 166 F.3d 1157 (11th Cir. 1999); *MacDraw, Inc. v. CIT Group Equip.*
22 *Financing, Inc.*, 157 F.3d 956 (2d Cir. 1998); *Ferguson v. Roberts*, 11 F.3d 696 (7th Cir. 1993);
23 *Averbach v. Rival Mfg. Co.*, 879 F.2d 1196 (3rd Cir. 1989).  And the risk of prejudice was
24 especially high here, where Plaintiff's First Amended Complaint would require the Court to
25 reopen discovery to investigate the additional defendants and causes of action he sought to

include. Permitting amendment would have led to unnecessary additional motion practice and an unjustified delay. In sum, the Court adopts the findings of the Magistrate Judge in granting Defendant's Motion to Strike and striking Plaintiff's First Amended Complaint from the docket. The Court next turns to the bases for reconsideration identified in Plaintiff's Motion.

**B. Plaintiff's Motion for Reconsideration, (ECF No. 79)**

Plaintiff argues that reconsideration is warranted on both his claims. The Court begins by examining Plaintiff's arguments surrounding his soft diet claim.

**1. Soft Diet**

Plaintiff concedes "that his soft diet claim was not exhausted," (Reply at 4, ECF No. 81), but maintains that he was not required to exhaust this "specific diet" claim because specific diets are recommended by licensed dental practitioners. (*Id.*). According to Plaintiff, because he filed the informal grievance underlying this action before he met with a dental practitioner who would have the authority to prescribe him a soft diet, he was only required to mention in a grievance that he was having problems "sustain[ing] an appropriate diet." (Mot. Reconsideration at 6). In response, Defendant contends the Court should reject this argument because "[Plaintiff] did not interpose [it] when originally opposing Defendant's Motion for Summary Judgment." (Resp. Mot. Reconsideration 2:18–22). Defendant also argues that Plaintiff's argument is misplaced because he "was first required to send a request that a medical provider prescribe a soft diet, which if denied, would have permitted [him] to exhaust all three levels of his administrative remedies." (*Id.* 2:24–3:3). Here, the Court agrees with Defendant and finds reconsideration is not warranted for three reasons.

First, Plaintiff improperly raises a new argument in petitioning for reconsideration that he had the opportunity to assert when opposing Defendant's Motion for Summary Judgment. "Motions for reconsideration should not be used to ask a court 'to rethink what the court had already through—rightly or wrongly.'" *United States v. Carillo-Moreno*, No. 22-cv-00791,

2023 WL 3847438, at *2 (D. Ariz. June 6, 2023) (quoting *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995)).  Nor should motions for reconsideration be "used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Plaintiff's opposition to Defendant's Motion for Summary Judgment was limited to the contention that summary judgment should not be granted because he did not have the opportunity to conduct discovery. (Resp. MSJ at 2–3).  The Court disagreed, explaining that Plaintiff "d[id] not provide any evidence to support his argument" and that "the Court is unable to confirm the veracity of Plaintiff's allegations without concrete evidence supporting his argument." (Order 6:12–25).  Plaintiff's now raises a new argument based on facts and evidence that existed when Defendant's Motion for Summary Judgment was filed.  However, he fails to establish how the arguments advanced in his pending Motion could not have reasonably been raised before.

Second, even if the Court were to consider Plaintiff's arguments on the merits, the Court finds neither clear error nor manifest injustice in the reasoning of its previous Order.  Here, Plaintiff's soft diet claim is predicated on Informal Grievance 2006-30-77289, where Plaintiff explained that since beginning the process of obtaining dentures, he had "not been able to sustain an appropriate diet due to my not being able to chew my food." (Informal Grievance 2006-30-77289 at 1, Ex. 2 to Mot. Reconsideration, ECF No. 79).  Plaintiff requested he either "get [his] dentures" or be "taken to see an outside physician for a physical examination" because he was suffering weight loss from his "inappropriate diet." (*Id.* at 2, Ex. 2 to Mot. Reconsideration).

///

///

District courts which have considered a soft diet claim focused on whether the plaintiff specifically *requested* a soft diet in evaluating exhaustion and the merits of the claim. *See e.g., Henderson v. Shampain*, No. 11-cv-4918, 2014 WL 6657702, at *3 (N.D. Cal. Nov. 21, 2014) (finding the plaintiff failed to exhaust his soft food claim where his grievance "did not request . . . soft food"); *Shottenkirk v. Patton*, No. 2:20-cv-00188 (D. Or. Sept. 10, 2021) (determining the plaintiff's grievance were sufficiently specific when they requested a "soft bland diet" but finding exhaustion was not completed for other reasons); *Ponder v. Cradduck*, No. 5:15-cv-05022, 2016 WL 4017287, at *2 (W.D. Ark. June 14, 2016) (relying on grievances that specifically requested a soft diet); *see also Marquez v. Woody*, 440 Fed. App'x 318, 320 (5th Cir. 2011) (recounting how the plaintiff inmate first "requested a soft food diet and obtained a prescription for such a diet"). Upon review of Informal Grievance 2006-30-77289, Plaintiff neither requested a soft diet, nor even mentioned the term soft diet. (*Id.*). To be clear, Plaintiff did complain about his current diet, but he never requested HDSP provide him a soft or liquid diet. Based on the foregoing caselaw, the Court finds the absence of a specific request precludes exhaustion.

Third, and related to the second, the Court has serious concerns about the practical consequences of adopting Plaintiff's exhaustion rationale. Plaintiff relies on Nevada Department of Correction ("NDOC") Medical Directive 124.01, which states that "the dietitian/designee will write and provide the following modified diets in accordance with a diet prescription from the attending practitioner." (NDOC Medical Directive at 1, Ex. 1 to Mot. Reconsideration, ECF No. 79). According to Plaintiff, prior to an inmate meeting with a medical practitioner, PLRA exhaustion only requires an inmate to generally grieve a problem with their diet, rather than request a specific kind of diet, because NDOC 124.01 establishes that a medical practitioner must prescribe a modified diet. But the PLRA's exhaustion requirement protects an administrative agency's authority by giving the "agency 'an

opportunity to correct is own mistakes with respect to the programs it administers before it is haled into . . . court,' and it discourages 'disregard of [the agency's] procedures.'" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). And to this end, NDOC Administrative Regulation ("AR") 740.08(1) requires an inmate to either have a "discussion with a staff [member]" or "submit[] an inmate request form" prior to initiating the grievance process." (NDOC AR 740 at 11, Ex. J to MSJ, ECF No. 33-6). Plaintiff does not contend, nor does the record show, he met with a staff member or submitted an inmate request form to obtain a soft diet prior to filing Informal Grievance 2006-30-77289. The effectiveness of PLRA exhaustion would be eroded if an inmate could generally grieve denial of some kind of relief prior to working through the mandated channels to both ascertain the nature of the relief sought and determine whether the facility would grant that relief prior to filing a grievance.

And this rationale is especially true here. Plaintiff's Informal Grievance 2006-30-77289 was filed on January 3, 2019, and he received his dentures on February 8, 2019. (Order 2:5–13). This means that within thirty-six (36) days of filing his Informal Grievance, Plaintiff obtained the relief underlying his grievance. NDOC AR 740.08(12) provides that a facility has forty-five (45) days to respond to an informal grievance. (NDOC AR 740 at 12, Ex. J to MSJ). Thus, Plaintiff obtained his dentures prior to Defendant's response deadline elapsing. What is confusing is that Plaintiff, upon not receiving a response to his Informal Grievance after the deadline elapsed, then submitted a first level appeal on February 20, 2019. (*Id.*). In sum, this is not a case in which Defendant, acting with and on behalf of HDSP, engaged in a pattern of obstruction to prevent Plaintiff from obtaining his requested relief. For these three reasons, the Court finds neither clear error nor manifest injustice in the reasoning of its previous Order, and therefore, the criteria for reconsideration have not been met.

///

///

### 2. Dentures

Plaintiff argues that reconsideration of his dentures claim is necessary because HDSP Associate Warden Jennifer Nash ("Associate Warden Nash") prevented Defendant from becoming aware of his dentures issue sooner, and otherwise asserts that Defendant should have known about the denture issue when his Informal Grievance was received by HDSP on January 7, 2019. (*See generally* Mot. Reconsideration); (Reply). The Court is not persuaded by either argument.

First, the Court rejects Plaintiff's arguments because they are raised for the first time in his Motion for Reconsideration. *See Kona Enterprises, Inc.*, 229 F.3d at 890 (9th Cir. 2000). Second, the Court finds Plaintiff's argument concerning Associate Warden Nash's involvement in this case to be unsupported by the record and declines to grant reconsideration based on speculation. Finally, Plaintiff's Motion fails to show the Court's finding, that Defendant did not personally participate in the alleged delay, was in clear error nor a manifest injustice. (Order 9:11–11:21). Accordingly, Plaintiff's Motion for Reconsideration is DENIED.

### C. Motion for Preliminary Injunction,[2] (ECF No. 83)

Here, Plaintiff's Motion is denied because he seeks to enjoin conduct unrelated to the allegations underlying his Complaint. The injunctive relief sought must be related to the claims brought in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). In other words, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying

---

[2] Plaintiff filed this Motion after he appealed to the Ninth Circuit. (Not. Appeal, ECF No. 74). Generally, once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed. *Natural Resources Defense Council, Inc. v. Southwest Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir.2001). However, an exception exists under Rule 62(c) to "suspend, modify, restore, or grant an injunction" while an appeal is pending to "secure the opposing party's rights." Fed. R. Civ. P. 62(c); *see Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001). Even assuming the Court has jurisdiction to consider Plaintiff's Motion, injunctive relief is not warranted because he seeks to enjoin parties and conduct unrelated to the allegations underlying his Complaint. *See Fink v. Shedler*, 192 F.3d 911, 916, (9th Cir. 1999) (explaining that the court properly refused to entertain claims "completely unrelated and did not arise from the same transaction or occurrence").

complaint." *Id.* at 636 (adopting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). Absent a nexus between the injury claimed in the motion and the underlying complaint, the Court lacks the authority to grant Plaintiff injunctive relief. *Id.*  A preliminary injunction only is appropriate when it grants relief of the same nature as that to be finally granted. *Id.* (citing *De Beers Consol. Mines v. United States*, 345 U.S. 212, 220 (1945)).

At stated, this lawsuit concerned whether Defendant was deliberately indifferent to Plaintiff's serious medical needs in violation of his Eighth Amendment rights by failing to provide him with dentures in a timely fashion and not prescribing a soft diet. (*Id.*).  Four months after the Court granted Defendant summary judgment, and nearly four years after this lawsuit was initiated, Plaintiff filed the instant Motion for Preliminary Injunction, arguing that medical staff and officials at Northern Nevada Correction Center ("NNCC") were deliberately indifferent to his serious medical need by instituting a "'retaliatory transfer'" to prevent him from receiving esophageal treatment. (Hines Decl. ¶¶ 1–5, ECF No. 83).  Plaintiff thereby requests the Court order these parties to transfer him back to NNCC to be examined by a qualified esophageal specialist. (Mot. Preliminary Injunction at 14).

Plaintiff's allegations regarding his alleged retaliatory transfer designed to prevent him from receiving esophageal treatment is a new and distinct claim of mistreatment rather than one arising from the allegations contained in his Complaint. *See Solvey v. Sunkara*, No. 1:23-cv-00682, 2023 WL 4930112, at *2 (E.D. Cal. Aug. 2, 2023) (finding there was an insufficient nexus where the plaintiff's complaint related only to his treatment for diabetes and neuropathic pain but his request for injunctive relief concerned pain in his stomach and arms); *Newsome v. Loterzstain*, No. 2:19-cv-00307, 2021 WL 2253882, at *2 (C.D. Cal. June 3, 2021) ("A motion for preliminary injunction must relate to the allegations in the complaint.") (citation omitted).

///

///

Accordingly, because the Court lacks authority to grant Plaintiff's requested relief, his Motion for Preliminary Injunction is DENIED.[3]

Furthermore, even if Plaintiff's Motion was properly before the Court, it would still be denied on the merits. A preliminary injunction may issue only if the movant establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; (4) that an injunction is in the public interest. *Winter*, 555 U.S. at 20. The movant bears the burden of satisfying all four prongs. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

With respect to assessing the likelihood that Plaintiff will succeed on the merits, the Court currently has nothing more before it than the uncorroborated arguments in Plaintiff's Motion. "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). And given the high legal standard at issue, the Court concludes without additional evidence that Plaintiff is likely to prevail on the merits. *See Int'l Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986) (in deciding whether to issue a preliminary injunction, the Court "is not bound to decide doubtful and difficult questions of law or disputed questions of fact.") (quoting *Dymo Industries, Inc. v. Tapewriter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964)); *see also Iden v. Stark*, No. 3:22-cv-00121, 2022 WL 18231858, at *4 (D. Nev. Nov. 3, 2022) ("[T]he Court cannot simply enter a blanket injunction without evidence to support the assertions made by [plaintiff] in his motion."). Plaintiff is advised that if he believes new violations of his civil rights have occurred or are occurring, he "must file a new lawsuit asserting these new allegations and distinct claims." *Cranford v. Nevada*, No. 3:21-cv-00386, at *2 n.3 (D. Nev. Dec. 6, 2022).

---

[3] Plaintiff's Motion is also denied to the extent it "seeks to enjoin individuals who are not parties to this action." *Newsome v. Loterzstain*, No. 2:19-cv-00307, 2021 WL 2253882, at *2 (C.D. Cal. June 3, 2021) (citing *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration, (ECF No. 79), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction, (ECF No. 83), is **DENIED**.

**DATED** this __25__ day of October, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT